# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL ANTHONY HUNTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TAMMY CAMBELL,<br><br>　　　　Respondent. | Case No.  1:22-cv-01330-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 26, 2022, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of this Court. On October 19, 2022, the petition was transferred to the Fresno Division. Because the petition is successive and fails to state a claim, the Court will recommend it be **DISMISSED** with prejudice.

**DISCUSSION**

I.　Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

1

1  A petition for habeas corpus should not be dismissed without leave to amend unless it appears
2  that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440
3  F.2d 13, 14 (9th Cir. 1971).

4  II.   Successive Petition

5       A federal court must dismiss a second or successive petition that raises the same grounds
6  as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive
7  petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,
8  retroactive, constitutional right or 2) the factual basis of the claim was not previously
9  discoverable through due diligence, and these new facts establish by clear and convincing
10 evidence that but for the constitutional error, no reasonable factfinder would have found the
11 applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the
12 district court that decides whether a second or successive petition meets these requirements.

13      Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
14 this section is filed in the district court, the applicant shall move in the appropriate court of
15 appeals for an order authorizing the district court to consider the application." In other words,
16 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
17 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
18 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
19 to file the petition because a district court lacks subject-matter jurisdiction over a second or
20 successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d
21 1270, 1274 (9th Cir. 2001).

22      In this case, Petitioner challenges his 1996 conviction and sentence from the Kern County
23 Superior Court for first degree murder. He claims the trial court erred by denying his petition for
24 resentencing. Petitioner previously sought federal habeas relief in this Court with respect to the
25 same conviction. See Hunter v. Harris, Case No. 1:99-cv-06476-HGB. The petition was denied
26 on the merits.

27      The Court finds that the instant petition is "second or successive" under 28 U.S.C. §
28 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a

first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.   Failure to State a Cognizable Federal Claim

In addition, the petition fails to state a cognizable habeas claim. Petitioner claims he should be resentenced based on recent changes to California Penal Code § 1170.95 pursuant to Senate Bill Nos. 1437 and 775.  A petitioner seeking federal habeas relief must allege that he is in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

Here, Petitioner is challenging the state court's application of state sentencing laws.  Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed. This is because the California state courts have, in applying the state laws at issue here - Senate Bills 1437 and 775 - determined Petitioner is not eligible for state law relief.  Petitioner seeks to challenge the California state courts' interpretation and application of California state law, but this Court has no authority in habeas to address such a challenge.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

DISMISSED with prejudice as successive and failure to state a cognizable claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 21, 2022**         /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE